# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRENDA FARMER,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF NATIONAL DRUG<br>　CONTROL POLICY,[1]<br>　　　　　Agency. | DOCKET NUMBER<br>DC-0752-19-0337-I-1<br><br><br>DATE: February 28, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Analese Dunn</u>, Esquire, Timonium, Maryland, for the appellant.

<u>Jill Weissman</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal claiming an involuntary disability retirement and an erroneous revocation of her Voluntary Separation Incentive

---

[1] This case was originally captioned "*Brenda Farmer v. The White House*." The caption has been updated to reflect that the Office of National Drug Control Policy is the actual respondent agency.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Payment (VSIP). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as MODIFIED to address the appellant's argument that there was no requirement that she repay the VSIP, we AFFIRM the initial decision.

## BACKGROUND

This case involves an unusual set of facts. Effective August 1, 2016, the appellant voluntarily retired from the agency with a $25,000 VSIP. Initial Appeal File (IAF), Tab 1 at 3. In May 2017, the appellant asked the agency what would happen to her VSIP if her regular retirement was changed to a disability retirement. *Id.* at 10. The agency indicated in an email that the appellant would have to "choose between" her disability retirement and keeping the VSIP. *Id.* at 3-4, 11. The appellant submitted a disability retirement application on July 20, 2017, which the Office of Personnel Management (OPM) granted on March 2, 2018. *Id.* at 4, 12-15. On April 4, 2018, the agency informed the appellant that because her "status or type of retirement has changed to disability," she was no longer entitled to the VSIP payment, and she would have to repay the $25,000 VSIP payment. *Id.* at 18-19. On August 10, 2018, the

appellant notified OPM that she elected to remain in a voluntary retirement status rather than switch to a disability retirement. *Id*. at 4, 17.

The record reflects that there was some confusion at the agency and OPM regarding whether the appellant could keep the VSIP after OPM approved her disability retirement application. However, by letter dated September 28, 2018, the agency informed the appellant that, because her disability retirement application had been approved, she was not eligible for the VSIP and had to repay it. *Id*. at 21. The letter noted that the appellant had thus far repaid $10,415 of the VSIP, and it advised her that if the indebtedness was not paid in full according to the repayment plan, then the debt would be forwarded to the Department of the Treasury for further collection. *Id*. The agency subsequently indicated, in a February 4, 2019 email, that it had consulted with OPM, and OPM confirmed that the appellant was ineligible for the VSIP, and the agency could not waive the repayment. *Id*. at 22. The appellant ultimately paid the VSIP back in its entirety. *Id.* at 5.

This appeal followed. IAF, Tab 1. The appellant argued that her disability retirement application was involuntary due to the agency's improper and misleading information, and she requested that the agency's February 4, 2019 decision regarding repayment of the VSIP be overturned, OPM's approval of her disability retirement be set aside, and the agency be ordered to reimburse her for the $25,000 VSIP that she had since repaid in full. *Id*. at 5, 8. In her response to the administrative judge's show cause order, the appellant argued that there was no legal basis for requiring repayment of the VSIP upon subsequent approval of her disability retirement application, and she asked that OPM be joined in the appeal based on its involvement in the agency's February 4, 2019 decision. IAF, Tab 15 at 8.

In the initial decision, the administrative judge found that the appellant failed to make a nonfrivolous allegation that her August 1, 2016 retirement from Federal service was involuntary. IAF, Tab 16, Initial Decision (ID) at 4-10. She

also noted that the Board lacked the authority to order OPM to rescind its approval of the appellant's disability retirement application or mandate that the agency reimburse her for the VSIP that she repaid. ID at 3 n.3. The administrative judge therefore dismissed the appeal for lack of jurisdiction without holding a hearing. ID at 10.

The appellant has filed a petition for review, arguing primarily that the initial decision failed to address the following arguments that she raised below: (1) she filed for disability retirement based on misinformation from the agency; and (2) there is no legal basis requiring repayment of the VSIP upon subsequent approval of her disability retirement application. Petition for Review (PFR) File, Tab 1 at 7-8. She also asserts that the agency's February 4, 2019 decision is a joint decision between the agency and OPM that affects her rights and interests under the Federal retirement laws, and OPM should be added as a party. *Id*. She requests that the initial decision be overturned, that OPM's approval of her disability retirement be set aside, and that the agency reimburse her for the VSIP. *Id*. at 8-9. The agency has filed a response opposing the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985); *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 14 (2013). The appellant bears the burden of proving that the Board has jurisdiction over her appeal. *Francis*, 120 M.S.P.R. 138, ¶ 14. To be entitled to a jurisdictional hearing, the appellant must first make a nonfrivolous allegation of jurisdiction, i.e., an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter in issue. *Id*.

As an initial matter, the appellant does not challenge the administrative judge's finding that her August 1, 2016 retirement from Federal service was voluntary. ID at 7-8. Indeed, on review she refers to her August 1, 2016 retirement as voluntary. PFR File, Tab 1 at 4. We see no reason to disturb the administrative judge's finding, and we therefore affirm it. This finding has significant implications on our analysis of the jurisdictional issue.

On review, the appellant asserts that the Board has jurisdiction over a *retired* or *separated* employee who receives incorrect and misleading agency advice resulting in a disability retirement application and subsequent penalty. *Id.* at 7. While it is generally true that allegations of agency misinformation can render a separation from Federal service (such as a retirement or resignation) involuntary, *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 17 (2013); *Hosford v. Office of Personnel Management*, 107 M.S.P.R. 418, ¶ 9 (2007), the appellant has not identified, and we are not aware of, any case in which the Board or our reviewing court has held that an already-retired employee who later seeks to switch to a different retirement status may pursue a claim that the subsequent retirement was involuntary based on agency misinformation.

There generally are two ways to establish the Board's jurisdiction over a claim of an involuntary disability retirement. The first way is that her employing agency failed to reasonably accommodate a disability and that failure led to the appellant's disability retirement. *See, e.g.*, *Mims*, 120 M.S.P.R. 213, ¶ 17. The appellant does not advocate for this analytical approach, and there is no allegation of a failure to accommodate below. We therefore conclude that this approach would not apply.

The second way to analyze an involuntary disability retirement claim, and the approach seemingly favored by the appellant, *supra* p. 5, is to apply the general jurisdictional tests for determining whether a retirement was involuntary

based on coercion, duress, or agency misinformation.[3]  *See, e.g., Hosford*, 107 M.S.P.R. 418, ¶¶ 7-9 (concluding that the appellant sufficiently alleged that her decision to apply for disability retirement, rather than immediate optional retirement, was the result of her reasonable reliance on misleading advice from her employing agency).  In these types of cases, the Board's rationale for finding that it has jurisdiction over an involuntary resignation or retirement based on agency misinformation (or other reasons) is because the action is tantamount to a forced removal that is within the Board's chapter 75 jurisdiction. *Mims*, 120 M.S.P.R. 213, ¶ 16.  The Board's rationale in those cases is not applicable here.  Even if we assume for the purposes of our analysis that there was agency misinformation upon which the appellant relied to subsequently file a disability retirement application, that decision is not tantamount to a forced removal because she voluntarily retired from Federal service in 2016—before she even asked the agency about disability retirement.  Additionally, the traditional remedies that are available in an involuntary retirement appeal, such as reinstatement and back pay, *Atkins v. Department of Commerce*, 81 M.S.P.R. 246, ¶ 10 (1999), are not even being sought by the appellant in this matter, presumably because she has already retired.  Given the unusual facts presented in this appeal, the appellant has not persuaded us that the Board has jurisdiction over her allegation of an involuntary disability retirement.

Regarding her second argument, the appellant acknowledged below and on review that under 5 U.S.C. § 3521(2)(B)(ii), an "employee" for the purposes of entitlement to a VSIP "shall not include . . . an employee having a disability on the basis of which such employee is or would be eligible for disability retirement under subchapter III of chapter 83 or 84 or another retirement system for employees of the Government."  PFR File, Tab 1 at 8; IAF, Tab 15 at 9.  She contended, however, that she qualified as an "employee" at the time of her initial

---

[3] The appellant does not allege on review that her decision to file for disability retirement was based on coercion or duress.

retirement, she therefore properly received her VSIP at the time of her initial retirement, and there is no requirement that she repay the VSIP upon OPM's approval of her disability retirement application. IAF, Tab 15 at 9-10; PFR File, Tab 1 at 8. Although the administrative judge did not specifically address the appellant's claim that there is no requirement that she repay the VSIP, she noted that the Board has no authority to award the legal remedies sought by the appellant. ID at 3 n.1. For example, the administrative judge stated, among other things, that the Board cannot award a VSIP that is prohibited by statute based on OPM's decision to approve the appellant's disability retirement application, and the Board has no authority to order OPM to rescind its decision approving the appellant's disability retirement application. *Id.* We supplement the administrative judge's analysis to specifically address the appellant's argument that there was no requirement that she repay the VSIP, but we conclude that a different outcome is not warranted.

The appellant cited, below, to the statute at 5 U.S.C. § 3524, which states that an individual who has received a VSIP and who accepts employment with the Federal Government within 5 years of the date of separation "shall be required to pay . . . the entire amount of the [VSIP] to the agency that paid the [VSIP]." IAF, Tab 15 at 9-10. The appellant correctly noted that there is no concomitant provision that requires her to repay her VSIP after OPM approved her disability retirement application. *Id.* She asserted that the failure to include such statutory language means that Congress did not intend for employees, such as the appellant, to give up the VSIP in the event of a subsequent disability retirement. *Id.* However, we need not decide this issue. The appellant does not dispute that she is no longer eligible for the VSIP pursuant to 5 U.S.C. § 3521(2)(B)(ii), which excludes "an employee having a disability on the basis of which such employee is or would be eligible for disability retirement." Because the appellant has repaid the VSIP in full, the Board lacks the authority to order the agency to repay her the VSIP in contravention of 5 U.S.C. § 3521(2)(B)(ii). *See, e.g.,*

*Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (finding that the Government cannot be estopped from denying benefits not otherwise permitted by law even if the claimant was denied monetary benefits because of his reliance on the mistaken advice of a government official).

The appellant's remaining arguments do not change our disposition of the jurisdictional issue. For example, the regulation at 5 C.F.R. § 1201.3(2) states that the Board's appellate jurisdiction extends to "[d]eterminations affecting the rights or interests of an individual under Federal retirement laws" and specifically refers to 5 U.S.C. §§ 8347(d)(1)-(2), 8461(e), and 8331 note, and 5 C.F.R. parts 831, 839, 842, 844, and 846. The appellant appears to argue that the February 4, 2019 agency email, which discussed its decision not to reimburse her for the repaid VSIP, affected her rights and interests under Federal retirement law. PFR File, Tab 1 at 8; IAF, Tab 1 at 22. We are not persuaded by this argument.

Importantly, the regulation describing the Board's appellate jurisdiction under 5 C.F.R. § 1201.3 is not an independent source of jurisdiction itself, but is merely descriptive of jurisdiction found in other laws, rules, and regulations. *Woodington v. Department of the Navy*, 88 M.S.P.R. 689, ¶ 5 (2001).

Moreover, although not raised by the appellant on review, we note that in *Adams v. Department of Defense*, 688 F.3d 1330, 1332, 1335-36 (Fed. Cir. 2012), our reviewing court addressed whether it had jurisdiction over an agency's decision to deny a Voluntary Early Retirement Authority (VERA) under 5 U.S.C. § 9902(f). The court found that the voluntary early retirement benefit in 5 U.S.C. § 9902(f) is part of the Federal Employees' Retirement System (FERS) pursuant to 5 U.S.C. § 8414. *Adams*, 688 F.3d at 1335. Moreover, Mr. Adams stated, and the Government did not dispute, that he was within the scope of possible voluntary early retirement as outlined in 5 U.S.C. § 9904(f)(4), he properly filed a request for early retirement, he met the statutory requirements based on age and employment term, and the employing agency denied his request.

*Id.* The court thus held that the agency's denial of Mr. Adams' request for early retirement "significantly affects [his] 'rights or interests' under § 8461 of [FERS], and thus may be an appealable 'administrative action' within the Board's jurisdiction." *Id.*

In contrast to the VERA at issue in *Adams*, the appellant's eligibility for the VSIP is determined by 5 U.S.C §§ 3521-3525 and 5 C.F.R. part 576. Significantly, there is no provision that gives the appellant Board appeal rights to challenge the denial of, let alone a revocation of, the VSIP. Moreover, the appellant points to no persuasive authority that the agency's revocation of the VSIP under these circumstances confers Board jurisdiction over that decision as a determination affecting her rights or interests under the Federal retirement laws. Indeed, if VSIPs were retirement benefits under 5 U.S.C. chapter 84, they would be paid from the Civil Service Retirement and Disability Fund. *Compare* 5 U.S.C. § 3523(b)(7) (reflecting that VSIPs are paid from "appropriations or funds available for . . . basic pay"), *with* 5 U.S.C. § 8348(a)(1)(A) (reflecting that FERS benefits come from the Fund). Additionally, VSIPs are not included as a basis for payment or included in the calculation of any other type of Government benefit. 5 U.S.C. § 3523(b)(5).

Finally, the February 4, 2019 decision directing the appellant to repay the VSIP came in the form of an email from the agency, not OPM. IAF, Tab 1 at 22. The fact that the agency indicated in that email that it consulted with OPM does not establish that OPM was responsible for its issuance, nor does it persuade us that it was a joint decision. We therefore deny the appellant's request that OPM be added as a responding party to this appeal.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____
                   Gina K. Grippando
                   Clerk of the Board

Washington, D.C.